Chancellor Gaillard
delivered the following decree:
Where a person entitled to real estate in fee simple dies without disposing of it by will, the act for the abolition of the rights of primogeniture, &c. directs the manner in which it shall be distributed. “ First, if the intestate shall leave a widow and one or more children, the widow shall take one third of the real estate, and the re *145 mainder shall be divided between the children, if more than one, but if only one, the remainder of the estate shall be vested in that one absolutely forever.” The court is of opinion that under this clause, on the death of Mr. Hearst, his widow became entitled to one third of his real estate,* and that no act on her part was necessary to vest in her a right to this third. The intention of the clause which says that "where provision is made fox* the widow of a person dying intestate, the same shall, if accepted, be considered as in lieu and bar of dower,” is obvious,* it was merely to prevent the widow from having one third of the intestate’s real estate, and her •lower also. She cannot have her distributive share under the act, and her dower likewise. She has not had her dowei*, nor does it appear she ever intended to claim it. Her repi’esentatives, the complainants, are therefore entitled to that part or share of Hearst’s estate which, ou his death, vested in bis widow. Let the writ of partition issue.
Goodwin, for appellant — Yancey, for respondent.
Theodore Gaiixabd.
From this decree there was an appeal, which was heard by chancellors James, Thompson, Desaussure and Gaillard.
After argument, the decree of the circuit court -was affirmed.